UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO._____         08-23549

HOLLY SMOLNIKAR, individually,                    CIV-JORDAN

Plaintiff,                                         / McALILEY

vs.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation and CHUKKA
CARIBBEAN ADVENTURES CORP.,
a Florida corporation,

FILED by AJS

DEC 29 2008

Defendants.
_____/

## COMPLAINT

COMES NOW, HOLLY SMOLNIKAR, the Plaintiff, by and through the undersigned counsel, and hereby alleges the following on information and belief:

### FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, the Plaintiff, HOLLY SMOLNIKAR, was a citizen of the United States and is a resident of California and files this Complaint for Damages in an amount in excess of $75,000, exclusive of any fees and court costs. This Honorable Court possesses jurisdiction over the instant matter pursuant to the issued ticket by Defendants containing a venue clause which requires that all disputes and matters arising out of and in connection with the cruise and travel associated with the ticket be litigated in the United States District Court for the Southern District of Florida, in Miami and there is complete diversity between the parties, 28 United States District Court, Section 1332.

1

2. That at all times hereinafter mentioned the Defendant, ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation, was and is a business entity engaged in the shipping and passenger cruise business.

3. That at all times hereinafter mentioned the Defendant, CHUKKA CARIBBEAN ADVENTURES CORP., a Florida corporation, was and is a business entity engaged in recreational activities and events as described herein below.

4. At all times pertinent herein, the Defendant, ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation, was and is a corporation engaged in the shipping and passenger cruise business operated by and/or for the financial interests and/or benefits of the United States citizens.

5. That at all times hereinafter mentioned, the Defendant, ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation, owned, operated, and managed the vessel Liberty of the Seas.

6. That on or about July 29, 2008, the Plaintiff, HOLLY SMOLNIKAR, was lawfully and properly a passenger on board the vessel Liberty of the Seas.

7. That on July 29, 2008, the Plaintiff, HOLLY SMOLNIKAR, was involved in a serious zip line incident while she was a customer on an excursion operated and controlled by the Defendant, CHUKKA CARIBBEAN ADVENTURES CORP., a Florida corporation, which was booked through Defendant, ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation.

8. At all times material, Defendants owed Plaintiff a duty to exercise reasonable care in all the circumstances, including following safety measures while Plaintiff participated in said excursion.

9. That on or about July 29, 2008, while the Plaintiff was lawfully and properly participating in said zip line excursion, as aforesaid, she was caused to suffer serious injuries to her persons by reason of the negligence and breach of duty of care of the Defendant. Specifically, Defendant, ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation was negligent in at least one of the following:

    a) in not providing the Plaintiff a safe landing from her zip line ride;

    b) in engaging in unsafe safety procedures

    c) in failing to warn Plaintiff of such danger, which was actually known to Defendant and/or their agents;

    d) in creating, causing, and permitting the premises to come be and remain in an unreasonably dangerous, defective, and unsafe condition, in knowing of the same, having an ample opportunity to correct it yet failing to do so; and

    e) failure to investigate and make due diligence in investigating CHUKKA CARIBBEAN ADVENTURES CORP. for its operational practices and procedures.

10. That on or about July 29, 2008, while the Plaintiff was lawfully and properly participating in said zip line excursion, as aforesaid, she was caused to suffer serious injuries to her persons by reason of the negligence and breach of duty of care of the Defendant. Specifically, Defendant, CHUKKA CARIBBEAN ADVENTURES CORP., a Florida corporation was negligent in at least one of the following:

    a) in not providing the Plaintiff a safe landing from her zip line ride;

    b) in engaging in unsafe safety procedures

    c) in failing to warn Plaintiff of such danger, which was actually known to Defendant and/or their agents;

    d) in creating, causing, and permitting the premises to come be and remain in an unreasonably dangerous, defective, and unsafe

condition, in knowing of the same, having an ample opportunity to correct it yet failing to do so.

11. That the aforesaid conduct of the Defendants was the proximate cause of the injuries suffered by the Plaintiff, HOLLY SMOLNIKAR.

12. That by reason of the foregoing, the Plaintiff sustained the following damages:

    a) Bodily injuries; specifically, cervical fusion of the spinal cord;
    b) Resulting pain and suffering;
    c) Permanent disability;
    d) Disfigurement and scarring;
    e) Mental anguish;
    f) Loss of the capacity for the enjoyment of life;
    g) Expenses of hospitalization;
    h) Medical nursing care and treatment;
    i) Loss of earnings;
    j) Loss of the ability to earn money; and/or
    k) Aggravation of a previously existing injury;

13. These losses are either permanent or continuing and Plaintiff, HOLLY SMOLNIKAR, will suffer the losses in the future.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully Submitted,

**THE COCHRAN FIRM**
Attorneys for Plaintiff
2541 SW 27 Avenue
Miami, Florida 33133
Telephone: (305) 567-1200
Facsimile: (305) 856-7747

By: _____
JACK PARIS, ESQ.
Florida Bar No.: 984310

%JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**08-23549**

### I. (a) PLAINTIFFS
Holly Smolnikar

### DEFENDANTS
Royal Caribbean Cruises, Ltd. & Chukka Caribbean Adventures Corp.

(b) County of Residence of First Listed Plaintiff: N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
The Cochran Firm
2541 SW 27 Avenue
Miami, Florida 33133

**CIV - JORDAN**
/ McALILEY

FILED by ___ D.C.
INTAKE
DEC 29 2008

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

08-23549-Jordan/McAliley

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury |  | ☐ 863 DIWC/DIWW (405(g)) |  |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE
DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
MARITIME PERSONAL INJURY - PASSENGER CLAIM

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 12/23/08

FOR OFFICE USE ONLY
AMOUNT 350-  RECEIPT # 92263  IFP 12/29/08